IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SKYNET ELECTRONIC CO., LTD.,

    Plaintiff,

v.

FLEXTRONICS INTERNATIONAL LTD., et al.,

    Defendants.

No. C 12-06317 WHA

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT, GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT, AND VACATING HEARING**

    In this patent infringement action involving power converter technology, defendants move for partial summary judgment on the issue of whether a certificate of correction for the patent-in-suit is valid. Specifically, defendants object that the certificate impermissibly broadened the scope of claim 1 of the patent-in-suit.

    Upon review of the parties' submissions, it is clear that resolution of this dispute will depend on how the patent claim terms are construed. The deadline for summary judgment motions in the case management order — and, thus, the expected time for claim construction — is still at least seven months away (Dkt. No. 43 ¶ 10). The parties do not agree on which terms must be construed in order to resolve the instant dispute, and as a result their claim construction briefing is both incomplete and out of line with the normal procedures used by the Court. The parties also disagree on whether resolution of this partial summary judgment motion will have any effect on the underlying infringement allegations — a question that also appears to depend on claim construction.

This order concludes that conducting a piecemeal claim construction midway through the fact-discovery period — without the benefit of a tutorial, full briefing on all disputed terms, and a fully-developed record — would be inadvisable. Consistent with the case management scheduling order, the instant claim construction issues will be "done on summary judgment or at trial in setting the jury instructions. In this way, the Court will better understand the as-applied meaning of terms advanced by counsel as claim constructions" (*id*. ¶ 14). Accordingly, defendants' motion for partial summary judgment is **DENIED AS PREMATURE**. The related evidentiary objections and sur-reply request are **DENIED AS MOOT**.

Plaintiff has also filed a motion for leave to file a third amended complaint. The proposed complaint adds additional allegedly-infringing products. Although the parties quibble over the precise meaning of statements by counsel at a case management conference, defendants expressly state that they do not oppose the motion (Dkt. No. 68 at 1). The motion is accordingly **GRANTED**. Plaintiff shall file the amended complaint by **OCTOBER 24 AT NOON**. The answer will be due by **NOVEMBER 4 AT NOON**.

The October 31 hearing on these motions is **VACATED**.

**IT IS SO ORDERED.**

Dated: October 23, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE